UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  19-cv-1513-WQH-AHG |
| Plaintiff, | **ORDER** |
| v. | |
| 3.69 ACRES OF LAND, MORE OR LESS, SITUATE IN IMPERIAL COUNTY, STATE OF CALIFORNIA; THE UNKNOWN HEIRS OF THE ESTATE OF HARRY FINERMAN, DECEASED; IMPERIAL IRRIGATION DISTRICT; and IMPERIAL COUNTY TAX COLLECTOR, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the determination of just compensation pursuant to Rule 71.1(h) of the Federal Rules of Civil Procedure.

## I.   PROCEDURAL BACKGROUND

On August 12, 2019, the United States filed a Complaint in Condemnation, condemning 3.69 acres of land in Imperial County, California ("Subject Property"), for the public purpose "to construct, maintain, and repair barriers, roads, lighting, cameras and sensors to help secure the United States/Mexico border within the State of California."

(ECF No. 1-2 at 2). The United States identified the holder of title to the Subject Property as "The Unknown Heirs of the Estate of Harry Finerman, Deceased," based on a Grant Deed recorded on August 20, 1945. (*Id.* at 7). The United States identified the interested parties to the litigation as the Unknown Heirs of the Estate of Harry Finerman, Deceased, the Imperial Irrigation District, and the Imperial County Tax Collector.

On August 13, 2019, the United States filed a Declaration of Taking (ECF No. 3) and a Notice of Condemnation (ECF No. 4). On August 13, 2019, the Court issued an Order directing the Clerk of the Court to deposit the estimated just compensation of $5,550, tendered by the United States, into the Registry Bank Account of the United States District Court for the Southern District of California. (ECF No. 7). Thereafter, title of the Subject Property passed to the United States. *See* 40 U.S.C. § 3114(b).

On October 28, 2019, the United States filed a Certification of Service by Publication, certifying that the Unknown Heirs of the Estate of Harry Finerman, Deceased, "cannot be personally served because, after a diligent inquiry, the place of residence of the said defendant cannot be ascertained by the plaintiff." (ECF No. 9 at 1). On November 5, 2019, the United States filed executed Waivers of Service as to the Imperial County Tax Collector and the Imperial Irrigation District. (ECF Nos. 10-11). On November 8, 2019, the Imperial County Tax Collector filed an Answer to the Complaint. (ECF No. 12). On November 27, 2019, the United States filed Proof of Service by Publication as to the Unknown Heirs of the Estate of Harry Finerman, Deceased, certifying that the United States "caused the Notice of Condemnation for Publication to be published, once a week for three consecutive weeks, on October 29, 2010, November 5, 2019, and November 12, 2019, in the Imperial Valley Press." (ECF No. 13 at 1). On September 10, 2020, the Imperial County Tax Collector filed a Disclaimer of Interest. (ECF No. 15).

On June 2, 2021, the Court set a hearing to determine just compensation for September 23, 2021. (ECF No. 28). On September 22, 2021, the United States filed a Certificate of Service, certifying that "on June 7, 2021, the United States mailed a copy of

the Court's Order of June 2, 2021, to all parties of record for whom an address is known and who have not disclaimed interest in this litigation." (ECF No. 29 at 1).

On September 23, 2021, the Court held a hearing to determine just compensation. (ECF No. 30).

On October 15, 2021, the Court ordered the United States to supplement the record to detail the "reasonably diligent search of the records" the United States has undertaken to determine the current title holder of the Subject Property pursuant to Rule 71.1(c)(3) of the Federal Rules of Civil Procedure. (ECF No. 31 at 2). On October 25, 2021, the United States filed a Response, asserting that Westcor Land Title Insurance Company ("Westcor") performed a search of the public records and determined title in the Subject Property to be vested in Harry Finerman, subject to a reservation of right of way currently held by the Imperial Irrigation District. (ECF No. 32). The United States asserted that it "attempted to contact Harry Finerman to give notice of this condemnation," but "the United States could find no record of a Harry Finerman living in or near Imperial County, California, and a search of the records, including LexisNexis, indicated that the only two Harry Finermans to have lived in Southern California died in October 1966 and July 1987." (*Id.* at 2). The United States attached the Westcor report, which includes a description of the chain of title ending in a transfer to Harry Finerman. (ECF No. 32-1).

## II. DISCUSSION

The United States can condemn property for public use, but it must pay just compensation for the value of what is taken. *See* U.S. CONST. amend. V. When a whole parcel is taken, just compensation is "the fair market value of the property on the date it is appropriated." *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9-10 (1984) (citing *United States v. 564.54 Acres of Land*, 441 U.S. 506, 511-13 (1979)). When a portion of a parcel is condemned, just compensation is the difference between the fair market value of the whole parcel immediately before the taking and the fair market value of the remainder of the parcel after the taking. *See United States v. Miller*, 317 U.S. 369, 376 (1943). Fair market value is the price a reasonable seller would demand, and the price a "willing buyer

would pay in cash to a willing seller" for the property. *Kirby*, 467 U.S. at 10 (quoting *564.54 Acres of Land*, 441 U.S. at 511). Fair market value must be based on the property's "highest and best use," which is the most profitable, legal use for which the property is adaptable and needed or likely to be needed in the reasonably near future. *See Olson v. United States*, 292 U.S. 246, 255 (1934). A property owner "must be made whole but is not entitled to more." *Id.*

The court determines just compensation where, as here, no party has demanded a jury trial. *See* Fed. R. Civ. P. 71.1(h)(1). During the hearing on just compensation, "a defendant – whether or not it has previously appeared or answered – may present evidence on the amount of compensation to be paid and may share in the award." Fed. R. Civ. P. 71.1(e)(3). The property owner bears the burden of proving just compensation. *See United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 273 (1943). An award of just compensation may not be predicated on speculative or conjectural potential. *See Olson*, 292 U.S. at 255.

In this case, the United States has acquired the following Subject Property as a result of condemnation pursuant to 40 U.S.C. §§ 3113 and 3114:

> The southerly 60 feet of lots 3, and 4 of Section 24, Fractional Township 17 South, Range 13 East, S.B.M., according to the Official Government Plat Resurvey accepted by The Department of Interior General Land Office being dated November 19, 1880. Said 60 feet also being measured parallel and perpendicular to the International Boundary between the United States and Mexico.
>
> Said Tract containing 3.69 acres, more or less.

(ECF No. 3 at 6). Westcor performed a search of the public records on behalf of the United States and determined title in the Subject Property to be vested in Harry Finerman, subject to a reservation of right of way currently held by the Imperial Irrigation District. The United States identified the interested parties in the Subject Property on the date of taking as the Unknown Heirs of the Estate of Harry Finerman, Deceased, the Imperial Irrigation District, and the Imperial County Tax Collector. The United States has demonstrated that the

Imperial Irrigation District and the Imperial County Tax Collector waived service, and the Unknown Heirs of the Estate of Harry Finerman, Deceased, were served by publication pursuant to Rule 71.1(d)(3)(B) of the Federal Rules of Civil Procedure. The only interested party to file an answer or notice of appearance was the Imperial County Tax Collector, which has since disclaimed its interest in the Subject Property.

The United States has further demonstrated that the Imperial Irrigation District, the only "part[y] of record for whom an address is known and who ha[s] not disclaimed interest in this litigation," received notice of the hearing. (ECF No. 29 at 1; *see* ECF No. 13-1 at 2 (Notice of Condemnation for Publication, stating, "You are [] notified [] that unless you file a Notice of Appearance, this proceeding may proceed to pretrial or trial without further notice to you")). No interested parties or landowners appeared at the hearing.

At the hearing, the Court admitted into evidence the Unites States' Exhibit 2: (1) the Declaration of Eric E. Roman, a Certified General Real Estate Appraiser in the State of California and the Appraisal Branch Chief of the United States Army Corps of Engineers' Regional Appraisal Center, Real Estate Division, Sacramento District; and (2) the attached Property Appraisal Report prepared by Roman on April 23, 2019. The Property Appraisal Report stated that it was prepared in conformity with the U.S. Army Corps of Engineers appraisal guidelines, the Uniform Appraisal Standards for Federal Land Acquisitions, and the Uniform Standards for Professional Appraisal Practice. The Property Appraisal Report stated that the Subject Property is part of a larger parcel of approximately 22.15 acres of land along the United States-Mexico border. The Property Appraisal Report concluded that the value of the larger parcel before acquisition was $33,225 on March 6, 2019—the date of the appraisal. The Property Appraisal Report concluded that the value of the remainder of the parcel after acquisition of the Subject Property was $27,690. The Property Appraisal Report concluded that the Subject Property has a fair market value of $5,550. No party has contested the conclusions of Property Appraisal Report or the estimation of the fair market value of the Subject Property. Having reviewed the Property Appraisal Report, the

Declaration of Eric E. Roman, and the filings in this case, the Court concludes that the sum of $5,550 is just compensation for the taking in this case.

**III.   CONCLUSION**

IT IS HEREBY ORDERED:

1.   The owners of the property interests condemned by the United States on the date of taking were as follows: the Unknown Heirs of the Estate of Harry Finerman, Deceased, the Imperial Irrigation District, and the Imperial County Tax Collector.

2.   Title to the Subject Property transferred to the United States upon the filing of the Declaration of Taking and the deposit of estimated just compensation, as provided by 40 U.S.C. § 3114(b).

3.   The full just compensation payable by Plaintiff, United States of America, for the taking of the Subject Property as identified in the Complaint and Declaration of Taking (ECF Nos. 1, 3) shall be the sum of $5,550, inclusive of interest.

4.   Final Judgment will be entered against the United States by separate order in the sum of $5,550 (said sum being full and just compensation) in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and the taking of the said lands and all appurtenances thereunto.

5.   Any claimant entitled to any such money may, on petition to the Court and upon notice to the United States and full proof of the right thereto, obtain an order directing payment of just compensation for the property interest acquired.

///

///

///

///

19-cv-1513-WQH-AHG

6.     If the funds remain unclaimed for five years following entry of final judgment, the Clerk of the Court is to deposit those funds into the Treasury in the name and to the credit of the United States. *See* 28 U.S.C. § 2042. Thereafter, any claimant entitled to any such money may, on petition to the Court and upon notice to the United States and full proof of the right thereto, obtain an order directing payment of just compensation for the property interest acquired.

Dated:  October 28, 2021

Hon. William Q. Hayes
United States District Court